## Parole of Prisoners.

*Criminal law—Parole of prisoners—Recommendation of prison inspectors —Acts of June 19, 1911, P. L. 1055, and June 29, 1923, P. L. 975.*

1. The Board of Prison Inspectors have no power to release a prisoner on parole at the end of his minimum term of sentence. They have only power to recommend.

2. If the prison inspectors think that a prisoner should not be paroled, they may take into consideration not only his conduct in prison, but whether or not there is a reasonable probability that the convict will live and remain at liberty without violating the law.

3. In reporting to the Board of Pardons, the inspectors should state not only the prisoner's conduct while in prison, but also their reasons, based on other grounds, for thinking that he should or should not be released.

Department of Justice. Opinion to Dr. Ellen C. Potter, Secretary of Welfare.

CAMPBELL, 1st Dep. Att'y-Gen., Dec. 10, 1923.—This department has your letter transmitting to it, for its opinion, inquiries of the Board of Inspectors of the Western Penitentiary.

These inquiries may be stated under three heads, which, with our opinion to each, are as follows:

1. Is it imperative upon the board of inspectors to parole a prisoner upon completion of his minimum sentence when his behavior in the prison has been good?

There seems to be some misconception of the province of the board of inspectors. It does not parole, simply recommends.

"The power given to the prison inspectors is not to release on parole at the expiration of the minimum term of the sentence, but is simply to recommend.

"There is nothing in the act making it obligatory on the Governor to adopt the recommendation of the prison inspectors:" Com. ex rel. *v.* McKenty, 52 Pa. Superior Ct. 332, 340.

Section 6 of the Act of June 19, 1911, P. L. 1055, as amended by the Act of June 29, 1923, P. L. 975, requires the court, in sentencing convicts to a penitentiary, to impose a maximum and a minimum term of imprisonment.

Sections 8, 9 and 11 specify the duties of the inspectors. They shall meet monthly and hear applications for release on parole from convicts whose

terms will expire within three months. They shall determine whether or not there is a reasonable probability that any such applicant, if paroled, will live and remain at liberty without violating the law; if so, they shall recommend to the Governor that such convict be released on parole; if not, they shall report in writing to the Governor the reason in detail for not recommending a parole.

In case a parole is recommended, the recommendations shall include such rules and regulations for such convict as the board of inspectors may prescribe, together with certain data as prescribed in the act.

2. What course should the board of inspectors follow in cases in which it believes the prisoner should not be paroled at the expiration of his minimum sentence, not because of any misconduct while in the penitentiary, but because the sentence thus served is not adequate to the offence committed?

Section 9 of the aforesaid Act of 1911 provides that the board of inspectors shall recommend a parole in those cases in which it finds "that there is a reasonable probability that such applicant (convict) will live and remain at liberty without violating the law."

The question naturally arises as to what matters are to be taken into consideration in determining this question. The intent of these acts is to stimulate proper conduct on the part of the convict and to effect his reformation, and his conduct in the institution is, probably, the most important factor

"When the sentence is for an indefinite term, and the law prescribes a maximum punishment for the crime committed, the prisoner, in contemplation of that law, is committed for the full term, but may secure a release at a much earlier period if by his deportment and good conduct he proves himself worthy of the clemency which it is the policy of indeterminate sentence laws to extend him:" Com. v. Kalck, 239 Pa. 533, 542.

As to what other matters are to be considered by the board of inspectors in arriving at its conclusion, it must be the judge. The Act of June 11, 1911, P. L. 1055, provides, in section 7, that it shall have for its use certain data which has no reference to the conduct of the convict while in the penitentiary, including stenographic notes of testimony taken at the trial. It would be useless to gather this data and consider it if the recommendation of the board were to depend wholly upon the conduct of the convict during his term in the penitentiary.

However, the court having fixed the minimum sentence and the general policy of the law being to discharge upon the expiration of the minimum sentence, the board should be careful not to set its judgment up against the judgment of the court upon the question as to what is an adequate sentence for the offence committed.

The act places upon the board of inspectors the responsibility of determining whether or not "there is a reasonable probability that the convict will live and remain at liberty without violating the law," and if the conscience of the board will not permit a favorable recommendation on account of the length of time served or for any other reason, it should in its return give its reasons for not recommending parole, and should also state its findings as to the conduct of the convict while in the penitentiary, in order that the Board of Pardons may have the benefit of that finding in the final determination by it of the application for parole.

I think it clarifies this whole situation if it be borne in mind that the Constitution places the right of granting commutation and pardons in the Governor and restricts his action to such cases as are approved by the pardon board. Whether or not the legislature could place that authority somewhere else to

4 D. & C.

run concurrent with the authority of the Governor need not be considered, because the legislature has not attempted to do so. The legislature has directed that persons sentenced to the penitentiary shall be given a maximum and a minimum term, and at the end of the minimum term the board of inspectors shall submit a recommendation to the Board of Pardons, which shall be acted upon by the Board of Pardons and a recommendation made to the Governor. The province of the board of inspectors is merely advisory, but it has full discretion to recommend for or against parole.

3. Should the board of inspectors recommend what action the pardon board should take on applications for pardon made on behalf of prisoners confined in the institution over which the board of inspectors presides?

This question may be best answered by reminding you that the matter of making a recommendation to the pardon board upon applications for pardon is entirely optional with the board of inspectors. No law places such a duty upon the board of inspectors. The Board of Pardons sits monthly, hears arguments *pro* and *con* upon the question, studies the whole case and may receive additional evidence.

The board of inspectors has no such opportunity. In my opinion, the board of inspectors, as a board, should not make any definite recommendation. On applications for pardon, it may remain inactive, or file a report on the conduct of the applicant while within the penitentiary. This does not affect the right of any member of the board of inspectors in his individual capacity to furnish in the regular way to the Board of Pardons any evidence he may have upon a case at issue. The pardon board will, of course, treat all such information merely as other evidence in forming its recommendation on the application.

From C. P. Addams, Harrisburg, Pa.